## Strunk *v.* Firemen's Ins. Co., Appellant.

*Fire insurance—Notice of vacation of premises—Agents—Evidence.*

Where a policy of fire insurance provides that the company shall not be liable for loss "if the premises hereby insured become vacated by the removal of the owner or occupant without immediate notice to the company and consent indorsed thereon," notice of vacancy must be given within a reasonable time, and after vacancy followed by notice in a reasonable time the policy remains in force until consent is refused by the insurer.

In such a case immediate notice must be construed to mean notice within a reasonable time in view of the circumstances and position of the party. What would be reasonable time when the parties have ready means of communication might be very unreasonable if applied to parties without such means of communication.

A house insured under a policy containing a provision as above was occupied by a tenant, who moved out on April 4th. On the same day plaintiff requested her husband to go to a town, thirteen miles distant, and give notice of the vacation of the house to the agent who had placed the insurance, and who, until a month previous, had been the agent of the company. Plaintiff believed that he still represented the company, and the agent did not notify her husband to the contrary when the latter called April 6th, but agreed to give the necessary notice, and obtain the consent desired. Accordingly, on the following day, he called on an insurance agent who had business relations with the state agent of the company, who lived at Philadelphia, and requested him to notify the company. The insurance agent wrote to the agent at Philadelphia on the 8th, and his letter was received on the 9th. The agent at Philadelphia at once replied, refusing a permit. The house was destroyed by fire on the 8th. *Held:*

1. That plaintiff had acted with reasonable promptness in giving notice.

2. That while the failure of the agent who had placed the insurance to notify the insured of the termination of his agency would not continue his agency so far as the insured was concerned, yet what the agent did was properly in evidence, as showing how notice was sent, and also as showing good faith and diligent effort on the part of plaintiff.

Argued March 7, 1894. Appeal, No. 215, Jan. T., 1894, by defendant, from judgment of C. P. Monroe Co., Sept. T., 1892, No. 24, on verdict for plaintiff, Maggie C. Strunk. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on fire insurance policy. Before STORM, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiff offered in evidence proofs of loss. The purpose of the offer is to show that the proofs of loss were made under the

requirements of the policy and of the law.   Objected to as irrelevant, immaterial and incompetent.

Plaintiff renewed offer of the proofs of loss.   Defendant objected to the offer of the proofs of loss as incompetent and irrelevant and immaterial, except for the mere purpose of showing .that proofs of loss were furnished to the company.

The Court: Proofs of loss are admitted by the court for the purpose stated by the counsel for plaintiff.   Bill sealed for defendant. [17]

Proofs of loss were then read without further objection.

Plaintiff, under objection and exception, gave evidence as to notice to Jacoby and Bell and as to what they did. [16, 18]

The court charged in part as follows :

" [It appears from the evidence that the defendant company had terminated Jacoby's agency some time before the happening of the fire on the 8th of April.   This fact, however, was not communicated to the plaintiff or her husband.   Moses C. Strunk says he did not know that Jacoby was not the agent, and Mr. Jacoby swears that he did not inform Mr. Strunk that his agency had terminated, and we hold that, as a matter of law, although as between the company and Mr. Jacoby the agency had been terminated, yet, so far as it concerned the plaintiff in this case, Mr. Jacoby must be regarded at that time as the agent of the company, and every act performed by him at that time within the scope of his authority was binding upon the company.] [4]

" [The learned counsel for the defendant contends that the company in its answer through its agents, Tredick & Co., to Mr. Bell's letter of April 8th, refusing the permit for vacancy, terminated the policy, and therefore the plaintiff cannot recover; they further contend that the plaintiff was guilty of laches in not giving notice to the company that the premises had been vacated until the 6th day of April, because the policy · required immediate notice.   We cannot so instruct you. . . . We cannot say to you, under the circumstances in this case, that a notice given to the company's agent on the 6th of April was not in time. . . . It is true that in this case the fire happened the day before the company notified Mr. Bell of its refusal to grant a permit for vacancy, yet that did not terminate the policy in this case.   It is not a case where the assured made no effort to notify the company that the premises were

vacated; and therefore if you believe that the plaintiff made a reasonably diligent effort to comply with the terms of the policy as to notice of the vacancy of the premises, then the refusal of the company to grant such permission would not relieve it of its liability.] [5]

" [Vacancy did not, ipso facto, void the policy by its terms; vacancy without immediate notice to the company and consent indorsed thereon did. The giving of the notice was the duty of the insured; the giving of the consent and the indorsing of it on the policy was optional with the company. Therefore the pivotal question in this case is, with whom was the risk during the period of time which elapsed between the giving of the notice of vacancy and the act of the company in refusing its consent to a vacancy? That is, between the 6th and 9th of April. Was it with the plaintiff? We hold not. She could not know in what way the company would exercise its option, and until she was informed of that fact, we hold that her policy was in full force and effect. The company did not exercise its option until the 9th of April—one day after the destruction of the building. To hold otherwise would introduce a dangerous rule in the law of insurance. A great deal of property insured is in the occupancy of tenants; they often abandon the insured premises without notice, and ofttimes it is difficult to get one tenant in at the same time another goes out, and the courts have adopted very wise rules governing such changes.] " [6]

Defendant's point was among others as follows:

" 8. The witness, R. M. Jacoby, was not at the time of the vacancy or removal of the tenant, to wit, April 4, 1892, and had not been for about a month previous to that date, the agent of the defendant company, and, at that time and after, he had no authority to act for the company or to bind the company by anything he did or might have done relative to the vacancy or the loss. *Answer:* We decline to affirm this point in the way in which it is drawn." [13]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were among others (4–6, 13) instructions; (16–18) rulings on evidence; quoting instructions and bills of exceptions, but not evidence.

*W. W. Watson, Henry J. Kotz* with him, for appellant, cited : Reber v. Herring, 115 Pa. 599; Spear v. R. R., 119 Pa. 61; Leibig v. Steiner, 94 Pa. 472; Greene v. Ins. Co., 91 Pa. 387; Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137; Union Refining Co. v. Bushnell, 88 Pa. 91; Peoples' Bank v. Gayley, 92 Pa. 528; Richards on Ins., 166; McClure v. Ins. Co., 90 Pa. 277; Curry v. Sun Fire Office, 155 Pa. 467; Ins. Co. v. Hebard, 95 Pa. 45; Ins. Co. v. Sennett, 41 Pa. 161; Ins. Co. v. Schreffler, 44 Pa. 269; Ins. Co. v. Lawrence, 4 Metc. (Ky.) 9; R. R. v. Winslow, 66 Ill. 219; Ins. Co. v. O'Neill, 110 Pa. 548.

*Charles B. Staples,* for appellee, cited : Haws v. Fire Assn., 114 Pa. 431; Grandin v. Ins. Co., 107 Pa. 26; Teutonia Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Ins. Co., 102 Pa. 262; Ins. Co. v. Helfenstein, 40 Pa. 290; Kennedy v. Atkinson, 2. Mona. 602; McElroy v. Braden, 152 Pa. 78.

OPINION BY MR. JUSTICE FELL, March 19, 1894 :

The policy of insurance issued by the defendant contained a provision relieving it from liability for loss " if the premises hereby insured become vacated by the removal of the owner or occupant without immediate notice to the company and consent indorsed thereon." The house insured was occupied by a tenant, who moved out on the 4th of April. On the same day the plaintiff requested her husband to go to Stroudsburg, thirteen miles distant, and give notice of the vacation of the house to R. M. Jacoby, whom she supposed to be the agent of the company, and ask him to obtain the consent of the company. Her husband complied with her request on the 6th. Mr. Jacoby had until a month previous been the agent of the company, and had placed the insurance. He did not notify the plaintiff's husband that he no longer represented the company, but agreed to give the necessary notice and obtain the consent desired. On the 7th he called on Mr. Bell, an insurance agent, who had business relations with the state agents of the company who lived at Philadelphia, and requested him to notify them. Mr. Bell on the 8th wrote as desired, and his letter was received on the 9th. The agent at Philadelphia at once replied, refusing a permit. On the 8th the house was destroyed by fire.

The sixth assignment of error raises the question of the right

of recovery under the terms of the policy after the house became vacant, and the disposition of it is conclusive of the case. The learned judge in the course of his charge said: "Vacancy did not ipso facto avoid the policy by its terms; vacancy without immediate notice to the company and consent indorsed thereon did. The giving of notice was the duty of the insured; the giving of consent and the indorsing of it on the policy were optional with the company."

The jury was instructed that immediate notice in the policy meant notice within a reasonable time, and that after vacancy followed by notice in a reasonable time the policy remained in force until consent was refused by the insurer.

We see no error in this instruction. Conditions involving forfeiture and exemption from liability should be strictly construed against the insurer, but the most liberal construction would not relieve the defendant in this case. The evident and only reasonable construction of the clause in question is that given by the learned trial judge. In case the premises became vacant, immediate notice was to be given, and it was then optional with the insurance company to continue or cancel the policy. The fact of vacancy did not work a forfeiture of the policy, but it imposed upon the insured the duty of notice and gave to the insurer the right of cancellation. There would be no reason for notice and consent if the policy were already void. Immediate notice must be construed to mean notice within a reasonable time, in view of the circumstances and positions of the parties. What would be reasonable time when the parties live in the same city or town, or have means of ready communication, would be very unreasonable if applied to the parties to this suit, one of whom lived on a farm six miles from a post office, twelve miles from a railroad and thirteen miles from the town in which the agent of the company, who had placed the insurance and to whom she would naturally look for information, resided.

The fourth assignment of error is to the instruction that although Mr. Jacoby's agency had terminated, yet so far as concerned the plaintiff he was still the agent of the company, for the reason that she had not been notified of the changed relation. The thirteenth assignment is to the same effect. This was not an accurate statement of the law, and if it were appar-

ent that it might have led the jury to a wrong conclusion we should feel obliged to send the case back for retrial. This error, however, does not seem to be fatal. Jacoby was not, on April 6th, the agent of the company, and the plaintiff in her dealings with him took all risks upon that point; but he became her representative for the purpose of transmitting notice, and acting for her he set in motion the agencies which resulted in notice to the insurer on the 9th. What he did was properly in evidence as showing how notice was sent, and also as showing good faith and diligent effort on the part of the plaintiff.

The only remaining assignment of error that requires notice is the seventeenth, which relates to the overruling of an objection to the offer by the plaintiff of proofs of loss, and the sufficient answer to this is that they were offered and admitted for a proper purpose, and read to the jury without objection made at the time.

The judgment is affirmed.